UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALFRED KEITH WOODS,**

      **Plaintiff,**

v.                                                             Case No: 6:21-cv-667-EJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

### ORDER

This cause comes before the Court on Richard A. Culbertson's Unopposed Request for Authorization to Charge a Reasonable Fee Pursuant to 42 U.S.C. § 406(b) (the "Motion"), filed July 26, 2023. (Doc. 30.) Therein, Plaintiff's counsel, Richard A. Culbertson ("Counsel"), requests leave to recover $29,551.68 in attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (*Id.* at 1.) The Commissioner does not oppose the award of fees. (*Id.* at 3.) For the reasons set forth below, the Motion is due to be granted.

I.     BACKGROUND

On March 5, 2021, Plaintiff and Counsel entered into a contingency fee agreement (the "Agreement"), whereby Plaintiff agreed that Counsel may seek a fee of 25% of the total amount of past-due social security benefits awarded to Plaintiff. (Doc. 30-1.) Ultimately, the Commissioner filed an unopposed motion to remand this case to the Commissioner of Social Security, which the Court granted pursuant to

sentence four of 42 U.S.C. § 405(g). (Docs. 23, 24.) On May 24, 2022, the Court awarded Plaintiff attorney's fees in the amount of $4,864.54 and costs in the amount of $402.00, pursuant to the EAJA, 28 U.S.C. § 2412(d). (Doc. 29.)

Subsequently, in July 2023, the Social Security Administration awarded Plaintiff past due benefits of $137,664.88. (Docs. 30 at 2; 30-2 at 3.)[1] Counsel, thereafter, filed the instant Motion seeking an award of attorney's fees. (Doc. 30.) Specifically, Counsel requests an order authorizing him to charge and collect $29,551.68 in attorney's fees from Plaintiff, pursuant to 42 U.S.C. § 406(b). (*Id.* at 1.)

## II.  STANDARD

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). The Eleventh Circuit has held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th

---

[1] Docket Entry 30-2 is a letter from the Social Security Administration to Plaintiff, notifying Plaintiff of an award of past-due benefits (the "Notice"). While the total monetary award is not stated in the Notice, as Counsel's Motion indicates, the Notice indicates the Social Security Administration withheld twenty-five percent of Plaintiff's past-due benefits, in the amount of $34,416.22. If $34,416.22 is twenty-five percent, then one hundred percent is $137,664.88 (4 X $34,416.22 = $137,664.88). (Doc. 30 at 2 n.1.)

Cir. 2006).

### III. DISCUSSION

#### A. Fee Award Under § 406(b)

Since Plaintiff was awarded past-due benefits following remand (Doc. 30-2), the Court may award attorney's fees under § 406(b). Counsel requests an award of $29,551.68 in attorney's fees, which is calculated as follows: $34,416.22, which is 25% of the total past-due benefits awarded to Plaintiff, minus the $4,864.54 in EAJA fees paid to Counsel from Plaintiff's past-due benefits. (Doc. 30 at 3.) In *Jackson v. Commissioner of Social Security*, 601 F.3d 1268, 1274 (11th Cir. 2010), the Eleventh Circuit held that "[a]lthough an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request." Counsel effectuated the refund required by the EAJA by deducting the amount of the earlier EAJA award from the 406(b) request. (Doc. 30 at 4.)

#### B. Reasonableness of Contingent Fee

To evaluate an attorney's § 406(b) petition, the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). In *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363 (N.D. Ga. 2005), the Northern District of Georgia applied the following analysis:

> In determining whether a fee sought under § 406(b) is reasonable, the Court should look first to the contingent fee agreement and should then consider, *inter alia*, the character of the attorney's representation and the results achieved. The Court may also consider the hours the attorney spent representing the claimant before the Court and the attorney's normal hourly billing rate for non-contingent fee cases, but this data does not control the Court's determination of the requested fee's overall reasonableness.

*Id.* at 1365 (citations omitted). Courts in the Middle District of Florida have adopted this analysis. *See, e.g.*, *Whitaker v. Comm'r of Soc. Sec.*, No. 6:06-cv-1718-Orl-18KRS, 2008 WL 4710777, at *3 (M.D. Fla. Oct. 23, 2008); *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Quintana v. Comm'r of Soc. Sec.*, No. 6:18-cv-1267-ORL-LRH, 2020 WL 7865594, at *2 (M.D. Fla. June 1, 2020).

The Agreement demonstrates that Plaintiff agreed to pay attorney's fees equal to 25% of the total of past-due benefits to which he was entitled. (Doc. 30-1.) The Commissioner does contest this award of fees. (Doc. 30 at 3.) Additionally, Counsel has represented numerous claimants in Social Security cases before the Court and is well-versed in this area of the law. (Doc. 30 at 6.) Counsel also recovered a substantial sum of past-due disability payments for Plaintiff. (Doc. 30-2.) The Court therefore finds the character of representation and the results achieved to be excellent. After reviewing the Motion, the contingency fee agreement, the character of the representation, and the results obtained, the undersigned finds that an award of $29,551.68 in attorney's fees is reasonable.

## IV.   CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** that:

1. The Motion (Doc. 30) is **GRANTED**.

2. Counsel is **AWARDED** $29,551.68 in attorney's fees pursuant to § 406(b) to be paid by the Commissioner from Plaintiff's past-due benefits.

**DONE** and **ORDERED** in Orlando, Florida on August 17, 2023.

*[signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE